| | |
|---|---|
| STATE OF MAINE<br>ANDROSCOGGIN, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. CV-20-16 |
| **VINCENT ODEN**, an adult individual resident of Lewiston, Androscoggin County, State of Maine,<br><br>    Plaintiff<br><br>v.<br><br>**CITY OF WESTBROOK**, a Maine municipality in Cumberland County, State of Maine, **WESTBROOK POLICE DEPARTMENT,** is an agency in Cumberland County, State of Maine, **BENJAMIN HALL,** in his individual and official capacity, an adult individual resident of Windham, Cumberland County, State of Maine, **AUSTIN CLARK,** in his individual and official capacity, an adult individual resident of Windham, Cumberland County, State of Maine, **GARRETT MCCARTHY,** in his individual and official capacity, an adult individual resident of Westbrook, Cumberland County, State of Maine, **RACHEL HORNING,** in her individual and official capacity, an adult individual resident of North Yarmouth, Cumberland County, State of Maine, **MICHAEL LORANGER,** in his individual and official capacity, an adult individual resident of Biddeford, York County, State of Maine, and **JANINE L. ROBERTS,** in her individual and official capacity, an adult individual resident of Portland, Cumberland County, State of Maine,<br><br>    Defendant | JAN 27 '20 PM3:14<br>ANDRO SUPERIOR COURT<br><br><br><br>**COMPLAINT** |

    NOW COMES, Plaintiff Vincent Oden, by and through undersigned counsel and complains against Defendants as follows:

1

1. Plaintiff Vincent Oden is an adult resident of Lewiston. He is a black man, a military veteran, and a father.

2. City of Westbrook is a Maine municipality in Cumberland County, Maine.

3. Westbrook Police Department is an agency in Cumberland County, Maine.

4. Benjamin Hall is an adult resident of Windham, Cumberland County, Maine.

5. Austin Clark is an adult resident of Windham, Cumberland County, Maine.

6. Garrett McCarthy is an adult resident of Westbrook, Cumberland County, Maine.

7. Rachel Horning is an adult resident of North Yarmouth, Cumberland County, Maine.

8. Michael Loranger is an adult resident of Biddeford, York County, Maine.

9. Janine L. Roberts is an adult resident of Portland, Cumberland County, Maine.

10. On or about January 28, 2018, Plaintiff was returning home from working in Westbrook. While driving on Main Street, Plaintiff came upon fire trucks which were attending to a snapped telephone pole with low hanging wires. Upon Plaintiff's arrival upon the scene he was waived through by the Westbrook Fire Department.

11. Plaintiff was then stopped by Officer Benjamin Hall of the Westbrook Police Department.

12. Upon information and belief other vehicles had traversed by Officer Hall without being stopped.

13. Upon information and belief the individuals who passed by Officer Hall were not black.

14. Upon being stopped by Officer Hall, Plaintiff indicated that he had not consumed any intoxicants and was fine to drive home. He did indicate he had prescribed medicine in the

car. He also indicated that the basis for the prescribed medicine were a recent extraction of teeth and an injured Achilles tendon.

15. Over a sustained period of time while Officer Hall's K-9 companion was loudly and aggressively barking, Plaintiff was subjected to a series of sobriety tests. Plaintiff did not fail a single NHTSA (National Highway Traffic Safety Administration) approved test.

16. In discussing Plaintiff with the department, Officer Hall explicitly identified Plaintiff as a black male out of Lewiston.

17. Upon information and belief, unclear as to whether or not he had a sufficient basis to arrest Plaintiff, Officer Hall consulted with Sergeant Michael Loranger.

18. Upon information and belief, Sergeant Loranger advised Hall to arrest Plaintiff. Plantiff was handcuffed, arrested, was not administered any Miranda warnings, and was transported to the Westbrook Public Safety Building by Officer Austin Clark.

19. Upon arrival at the Westbrook Public Safety Building, and based on the advice of Sergeant Loranger, rather than receive a blood alcohol test at the Westbrook Police Department, Plaintiff was transported by Officers Garrett McCarthy and Rachel Horning to the much further away Cumberland County Jail. This was, in the words of Defendants, to kill two birds in one stone and in order to save time to administer an intoxilyzer test at the Cumberland County Jail.

20. Upon arrival at the Cumberland County Jail, Officers McCarthy and Horning administered an intoxilyxer test as well as a drug recognition evaluation on Plaintiff. The intoxilyzer test indicated that Plaintiff had a 0.00 grams of alcohol per 210 liters of breath intoxilyzer result and the conclusion of the drug recognition evaluation indicated that he was in fact not under the influence.

21. Despite the fact that Plaintiff, who had purportedly been arrested because he was under the influence of alcohol, was not, he was nevertheless arrested for possession of the medicine he had been prescribed and which he had indicated to Officer Hall he had been prescribed.

22. As a result of his arrest Plaintiff was placed in jail for an extended period of time, and was subjected to a humiliating strip search, all without any basis as demonstrated by his blood alcohol test and drug evaluation.

23. After and during this humiliation, and after being uncomfortably confined in jail for a significant period of time in the early hours of the morning, Plaintiff was placed on bail conditions which restricted him from being able to be in a business that served alcohol.

24. Plaintiff, at that time, was in the process of attempting to open a barbeque restaurant that served alcohol. He was also working as a part-time DJ. As a result of the bail conditions, Plaintiff was unable to work in his own establishment or in his side job. As a result he lost his business, and was not able to work as a DJ.

25. Ultimately, as they were fundamentally baseless, the bail conditions and charges were dismissed.

26. As was his right, Plaintiff attempted to obtain a copy of his police report to determine why it was that the Defendants had done what they had done. After several unsuccessful attempts to acquire the police report, Plaintiff was ultimately able to receive a copy of the police report. Inexplicably, that police report obtained contained several redacted portions meeting no exceptions under Maine's Freedom of Access Act. Upon information and belief, these redactions were for the purpose of concealing that information in the police report which was erroneous, biased, and embarrassing to Defendants.

27. Subsequent to these incidents, Plaintiff has been diagnosed with major severe depressive disorder and is undergoing treatment therefore at Togus.

28. Plaintiff has exhausted his requirements to provide notice under the Maine Tort Claims Act. A true and accurate copy of the service of that claim is attached hereto and incorporated herein as **Exhibit A**.

### COUNT I – VIOLATION OF THE 4TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND SECTIONS 1, 5, 6-A, AND SECTION 24 OF THE DECLARATION OF RIGHTS IN THE MAINE CONSTITUTION (All Defendants)

29. Plaintiff repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

30. The traffic stop was, at its inception, baseless.

31. Defendants had no objectively reasonable basis to believe that Plaintiff had committed any offense.

32. Unlike other individuals in vehicles who passed by, Plaintiff was stopped because he was a black man.

33. The traffic stop was wrongful and constituted a seizure.

34. At all times relevant hereto Plaintiff had a right clearly established under the Fourth Amendment to the United States Constitution and enforceable against the states through the due process clause of the Fourteenth Amendment to be free from unreasonable searches and seizures. That right was also guaranteed of him by Maine's Constitution in Article 1, Section 5.

35. Defendants had no articulable facts to support a reasonable suspicion that Plaintiff had engaged, was in the process of engaging, or was about to engage in a violation of the law.

36. The stop was an unreasonable seizure.

37. At all times relevant times hereto, Plaintiff had rights clearly established under the Fourteenth Amendment of the United States Constitution and enforceable against the states

Case 2:20-cv-00081-JDL   Document 2-2   Filed 03/05/20   Page 6 of 12   PageID #: 14
Exhibit 2 to Affidavit of John J. Wall, III

through the due process clause of the Fourteenth Amendment to equal protection under the laws. Moreover, he had a right to equal protection under Maine's Constitution at Article 1, Section 6-A, as well as natural rights and other protections under Article 1, Section 1 and Section 24.

38.     Plaintiff suffered damages, including economic and noneconomic injuries as a consequence of these violations. Defendants' actions violated clearly established statutory and constitutional rights which a reasonable person should have known, including under the above stated constitutional amendments, Maine's Freedom of Access Act statute and Maine common law. Moreover, several Defendants had a duty to intervene to prevent a violation of these rights, a reasonable opportunity to intervene, yet failed to intervene.

39.     The actions of the subordinate officials was caused by that of the supervisors. In some instances the supervisors directed the subordinates to take the action in question, the supervisors had actual knowledge of the subordinates' violation of Plaintiff's rights and acquiesced to that violation, and/or the supervisors with deliberate indifference to the consequences, establish and maintain a policy, practice or custom which directly cause the violation. Moreover, these violations were a result of an official policy or custom of the Westbrook Police Department and the City of Westbrook.

40.     The City of Westbrook and Westbrook Police Department's deliberate indifference lead to the violation of Plaintiff's rights.

## COUNT II – FALSE IMPRISONMENT

41.     Plaintiff repeats and realleges paragraphs 1 through 40 as if fully set forth herein.

42.     Defendants detained and restrained Plaintiff against his will.

43.     The authority upon which Defendants detained Plaintiff were unlawful, excessive, and unreasonably delayed the opportunity for Plaintiff to obtain justice.

6

44. As a result of Defendants' actions Plaintiff has suffered damages caused by those actions.

## COUNT III – MALICIOUS PROSECUTION

45. Plaintiff repeats and realleges paragraphs 1 through 44 as if fully set forth herein.

46. Defendants' actions to arrest, and then initiate prosecution of Plaintiff were done with a consciousness that they were not according to law or duty.

47. As a result of Defendants' actions Plaintiff has been damaged and Defendants' actions are the cause of that damage.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff repeats and realleges paragraphs 1 through 47 as if fully set forth herein.

49. Defendants engaged in conduct that intentionally or recklessly caused severe emotional distress to Plaintiff, and Defendants were certain or substantially certain that severe emotional distress would result from their conduct.

50. Defendants' conduct was so extremely outrageous so as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable.

51. Plaintiff suffered and continues to suffer severe emotional distress as a result of Defendants' conduct.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff repeats and realleges paragraphs 1 through 51 as if fully set forth herein.

53. Defendants' actions were negligent.

54. Emotional distress to Plaintiff was a reasonably foreseeable result of Defendants' negligent conduct.

55. Plaintiff suffered and continues to suffer serious emotional distress as a result of Defendants' negligence.

## COUNT VI – PUNATIVE DAMAGES

56. Plaintiff repeats and realleges paragraphs 1 through 55 as if fully set forth herein.

57. Defendants' actions were with malice or so outrageous that malice can be implied, and as a result Plaintiff is entitled to punitive damages.

58. Defendants' actions in addition and/or in the alternative were with sufficient state of mind for punitive damages to issue under 42 U.S.C. § 1983.

59. Defendants acted evil motive or intent or reckless or callous indifference to Plaintiff's federally and state protected rights.

WHEREFORE, Plaintiff prays for judgment as follows: (a) an award of compensatory damages against Defendants in an amount to be determined at trial; (b) an award of punitive damages against Defendants in an amount to be determined at trial; (c) an award of Plaintiff's costs and reasonable attorney's fees in this action pursuant to 42 U.S.C. §§ 1983 and 1988; (d) appropriate injunctive relief, including the implementation of training protocols to prevent and effectively discipline the conduct complained of herein; and (e) an order granting such other and further relief as the Court deems just and proper.

Dated: 1/27/20

Adam R. Lee, Bar No. 4143
*Attorney for Plaintiff*

Trafton, Matzen, Belleau & Frenette
PO Box 470, 10 Minot Avenue
Auburn, Maine 04212-0470
207-784-4531
Alee@tmbf-law.com




EXHIBIT A

Date: July 21, 2018

Reference Oden v City of Westbrook:

The following is in response to your July 21, 2018 request for delivery information on your Certified Mail™/RRE item number 9414810898765015138325. The delivery record shows that this item was delivered on July 20, 2018 at 11:35 am in WESTBROOK, ME 04092. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service



Exhibit 2 to Affidavit of John J. Wall, III

Date: July 21, 2018

Reference Oden v City of Westbrook:

The following is in response to your July 21, 2018 request for delivery information on your Certified Mail™/RRE item number 9414810898765015138479. The delivery record shows that this item was delivered on July 20, 2018 at 11:27 am in WESTBROOK, ME 04092. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

2 YARK ST

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service



# TRAFTON, MATZEN, BELLEAU & FRENETTE, LLP

Adam R. Lee
alee@tmbf-law.com
ME Bar No. 4143
NH Bar No. 20930

July 18, 2018

Westbrook Police Department
570 Main Street
Westbrook, Maine 04092

Jerre Bryant, City Administrator
City of Westbrook
2 York Street
Westbrook, Maine 04092

### NOTICE TO GOVERNMENTAL ENTITY PURSUANT TO 14 M.R.S. § 8107

Dear City of Westbrook and Westbrook Police Department:

A. **Claimant:**
Vincent Oden
6 Macadamia Lane
Lewiston, Maine 04240

**Claimant's Attorney:**
Adam R. Lee, Esq.
Trafton, Matzen, Belleau & Frenette, LLP
10 Minot Avenue, P.O. Box 470
Auburn, Maine 04212-0470

B. **Concise Statement of Claim:**
The basis of this claim is that under both the federal and Maine constitutions, Mr. Oden's rights to be free of illegal search and seizure, right to equal protection, and right to due process, amongst others were violated. In essence he was stopped, interrogated, searched and arrested without a basis and discriminatorily based on his race.

C. **Governmental employees involved:**
Benjamin Hall, Austin Clark, Garrett McCarthy, and Rachel Horning

D. **Nature and Extent of Injury:**

TRAFTON, MATZEN,
BELLEAU & FRENETTE, LLP

  As a result of the unconstitutional stop, interrogation, search and ultimate arrest, Mr. Oden suffered lost wages and physical and emotional pain and suffering. The extent of his emotional damages has been substantial but the ultimate extent of the damages is not yet known.

 E. **Statement of monetary damages**:
  $250,000.00

Dated: 7/18/18

Adam R. Lee, Bar No. 4143
Attorney for Claimant, Vincent Oden

H:\ARL\Oden, Vincent #11324.01\Correspondence\Notice of Claim.docx

2