UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VINCENT ODEN,<br><br>   Plaintiff,<br><br>vs.<br><br>CITY OF WESTBROOK, WESTBROOK POLICE DEPARTMENT, BENJAMIN HALL, AUSTIN CLARK, GARRETT MCCARTHY, RACHEL HORNING, MICHAEL LORANGER, and JANINE L. ROBERTS,<br><br>   Defendants | Civil No. 20-00081-JDL |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND (DEFENDANTS AUSTIN CLARK, GARRETT MCCARTHY, RACHEL HORNING, MICHAEL LORANGER, AND JANINE ROBERTS)

Defendants Austin Clark, Garrett McCarthy, Rachel Horning, Michael Loranger, and Janine Roberts (collectively "the Defendants"), by and through counsel, hereby respond to the Plaintiff's Complaint as follows:

### JURISDICTION

1. The Defendants admit the Plaintiff is a black man. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

2. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

3. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

4. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

5. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

6. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

7. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

8. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

9. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

10. The Defendants deny the Plaintiff was waved through. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

11. The Defendants admit Officer Hall stopped the Plaintiff. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

12. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

13. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

14. The Defendants admit the Plaintiff denied being intoxicated and stated that he had an Achilles tendon problem. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

15. The Defendants admit the Plaintiff was asked to complete field sobriety tests. The Defendants deny the remaining allegations contained in this paragraph of the Plaintiff's Complaint.

16. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

17. The Defendants admit that Officer Hall consulted with Sergeant Loranger concerning the Plaintiff. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

18. The Defendants admit the Plaintiff was arrested and that he was handcuffed and transported to the Westbrook Police Department. The Defendants deny the remaining allegations contained in this paragraph of the Plaintiff's Complaint.

19. The Defendants admit the Plaintiff was transported to the Westbrook Police Department by Officer Clark and then to the Cumberland County Jail by Officers McCarthy and Horning. The Defendants deny the remaining allegations contained in this paragraph of the Plaintiff's Complaint.

20. The Defendants admit that the intoxilyzer test results were 0.00 grams of alcohol per 210 liters and that the evaluator opined that the Plaintiff was not under the influence of any drugs. The Defendants are without sufficient information or knowledge to form a belief as to the

truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

21. The Defendants admit that the Plaintiff was charged with possession of scheduled drugs. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

22. The Defendants admit that the Plaintiff was left a the Cumberland County Jail. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

23. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

24. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

25. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

26. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

27. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

28. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

## COUNT I – VIOLATION OF THE 4TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND SECTIONS 1, 5, 6-A, AND SECTION 24 OF THE DECLARATIONS OF RIGHTS IN THE MAINE CONSTITUTION

29. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

30. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

31. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

32. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

33. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

34. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

35. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

36. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without

sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

37. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

38. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

39. The Defendants deny any alleged violations and, therefore, deny the allegations contained in this paragraph of the Plaintiff's Complaint.

40. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

## COUNT II – FALSE IMPRISONMENT

41. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

42. The Defendants admit that the Plaintiff was lawfully stopped and, subsequently, lawfully arrested. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

43. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

44. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

## COUNT III – MALICIOUS PROSECUTION

45. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

46. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

47. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

49. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

50. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

51. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

53. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

54. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

55. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

COUNT VI – PUNATIVE [sic] DAMAGES

56. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

57. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

58. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

59. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

1. The Defendants have at all times acted in good faith and without knowledge that their conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2. The Defendants' conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3. No reasonable person would have known that the Defendants' conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the Defendants reserve the right to demonstrate that the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8107 and 8108.

5. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by immunity provided to the Defendants by the Maine Tort Claims Act.

6. The Plaintiff's recoverable damages for tort claims are capped by the provisions of the Maine Tort Claims Act.

7. The Defendants reserve the right to demonstrate that the Plaintiff's Complaint, in whole or in part, is barred by the applicable statutes of limitations.

8. To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendants in their representative capacity, the Complaint fails to state a claim upon which relief may be granted.

9. The Plaintiff's own conduct was the sole or a contributing cause of any injuries he may have sustained.

10. The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

11. The Plaintiff's claims are barred for the reason that the Defendants are not liable under a theory of *respondeat superior* for the actions of their agents.

12. The Plaintiff's claims are barred for the reason that the Defendants' actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

13. To the extent the allegations in the Complaint allege simple negligence, the Plaintiff's claims under 42 U.S.C. § 1983 are barred because the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

14. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

15. The Plaintiff's claims are barred, in whole or in part, by the doctrine of privilege.

16. The Defendants reserve the right to demonstrate that the Plaintiff's claims are barred by superseding or intervening causes.

17. To the extent that the Plaintiff seeks injunctive or declaratory relief, the Plaintiff has no standing.

18. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. §1983 in the Maine Constitution or the United States Constitution.

19. The Defendants reserve the right to demonstrate that the Plaintiff has failed to mitigate damages.

Answer, Affirmative Defenses and Jury Trial Demand
(Defendants Austin Clark, Garrett McCarthy, Rachel Horning, Michael Loranger, and Janine Roberts)
Page 9 of 11

20. To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendants cannot be held liable for the alleged damages associated with those alleged injuries.

21. To the extent the Plaintiff's alleged injuries result from events or conditions that occurred after the Defendants' involvement with the Plaintiff, the Defendants cannot be held liable for the alleged damages associated with those alleged injuries.

22. To the extent the Plaintiff seeks punitive damages against a governmental entity, the Plaintiff's claims should be dismissed for failure to state a cognizable cause of action.

23. To the extent the Plaintiff asserts "claims" for punitive damages, the Plaintiff's claims should be dismissed for failure to state a cognizable cause of action.

24. To the extent the Plaintiff asserts claims against the Westbrook Police Department, the claim should be dismissed because the Westbrook Police Department is not a legal entity capable of being sued.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendants request a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendants Austin Clark, Garrett McCarthy, Rachel Horning, Michael Loranger, and Janine Roberts demand judgment in their favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 4th day of May, 2020.

        Attorneys for Defendants City of Westbrook, Westbrook Police Department, Austin Clark, Garrett McCarthy, Rachel Horning, Michael Loranger, and Janine Roberts
        MONAGHAN LEAHY, LLP
        95 Exchange Street, P.O. Box 7046
        Portland, ME 04112-7046
        (207) 774-3906
        jwall@monaghanleahy.com

BY:    /s/ John J. Wall, III
           John J. Wall, III

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2020, I electronically filed **Answer, Affirmative Defenses and Jury Trial Demand (Defendants Austin Clark, Garrett McCarthy, Rachel Horning, Michael Loranger, and Janine Roberts)** using the CM/ECF system, which will provide notice to me and the following other counsel of record: alee@tmbf-law.com.

Dated at Portland, Maine this 4th day of May, 2020.

        Attorneys for Defendants City of Westbrook, Westbrook Police Department, Austin Clark, Garrett McCarthy, Rachel Horning, Michael Loranger, and Janine Roberts
        MONAGHAN LEAHY, LLP
        95 Exchange Street, P.O. Box 7046
        Portland, ME 04112-7046
        (207) 774-3906
        jwall@monaghanleahy.com

BY:    /s/ John J. Wall, III
           John J. Wall, III