UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VINCENT ODEN,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY OF WESTBROOK, WESTBROOK POLICE DEPARTMENT, BENJAMIN HALL, AUSTIN CLARK, GARRETT MCCARTHY, RACHEL HORNING, MICHAEL LORANGER, and JANINE L. ROBERTS,<br><br>       Defendants | Civil No. 20-00081-JDL |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND (DEFENDANT BENJAMIN HALL)

Defendant Benjamin Hall, by and through counsel, hereby responds to the Plaintiff's Complaint as follows:

### JURISDICTION

1. The Defendant admits the Plaintiff is a black man. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

2. The Defendant admits the allegations contained in this paragraph of the Plaintiff's Complaint.

3. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

4. The Defendant admits the allegations contained in this paragraph of the Plaintiff's Complaint.

5. The Defendant admits the allegations contained in this paragraph of the Plaintiff's Complaint.

6. The Defendant admits the allegations contained in this paragraph of the Plaintiff's Complaint.

7. The Defendant admits the allegations contained in this paragraph of the Plaintiff's Complaint.

8. The Defendant admits the allegations contained in this paragraph of the Plaintiff's Complaint.

9. The Defendant admits the allegations contained in this paragraph of the Plaintiff's Complaint.

10. The Defendant denies the Plaintiff was waved through. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

11. The Defendant admits he stopped the Plaintiff. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

12. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

13. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

14. The Defendant admits the Plaintiff denied being intoxicated and stated that he had an Achilles tendon problem. The Defendant is without sufficient information or knowledge

to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

15. The Defendant admits the Plaintiff was asked to complete field sobriety tests. The Defendant denies the remaining allegations contained in this paragraph of the Plaintiff's Complaint.

16. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

17. The Defendant admits that he consulted with Sergeant Loranger concerning the Plaintiff. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

18. The Defendant admits the Plaintiff was arrested and that he was handcuffed and transported to the Westbrook Police Department. The Defendant denies the remaining allegations contained in this paragraph of the Plaintiff's Complaint.

19. The Defendant admits the Plaintiff was transported to the Westbrook Police Department by Officer Clark and then to the Cumberland County Jail by Officers McCarthy and Horning. The Defendant denies the remaining allegations contained in this paragraph of the Plaintiff's Complaint.

20. The Defendant admits that the intoxilyzer test results were 0.00 grams of alcohol per 210 liters and that the evaluator opined that the Plaintiff was not under the influence of any drugs. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

21. The Defendant admits that the Plaintiff was charged with possession of scheduled drugs. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

22. The Defendant admits that the Plaintiff was left a the Cumberland County Jail. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

23. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

24. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

25. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

26. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

27. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

28. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without

sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

### COUNT I – VIOLATION OF THE 4TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND SECTIONS 1, 5, 6-A, AND SECTION 24 OF THE DECLARATIONS OF RIGHTS IN THE MAINE CONSTITUTION

29. The Defendant repeats his responses to the preceding paragraphs of Plaintiff's Complaint.

30. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

31. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

32. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

33. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

34. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

35. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

36. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

37. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

38. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

39. The Defendant denies any alleged violations and, therefore, deny the allegations contained in this paragraph of the Plaintiff's Complaint.

40. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

COUNT II – FALSE IMPRISONMENT

41. The Defendant repeats his responses to the preceding paragraphs of Plaintiff's Complaint.

42. The Defendant admits that the Plaintiff was lawfully stopped and, subsequently, lawfully arrested. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

43. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

44. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

## COUNT III – MALICIOUS PROSECUTION

45. The Defendant repeats his responses to the preceding paragraphs of Plaintiff's Complaint.

46. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

47. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. The Defendant repeats his responses to the preceding paragraphs of Plaintiff's Complaint.

49. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

50. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

51. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52. The Defendant repeats his responses to the preceding paragraphs of Plaintiff's Complaint.

53. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

54. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

55. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

<u>COUNT VI – PUNATIVE [sic] DAMAGES</u>

56. The Defendant repeats his responses to the preceding paragraphs of Plaintiff's Complaint.

57. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

58. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

59. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

1. The Defendant has at all times acted in good faith and without knowledge that their conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2. The Defendant's conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3. No reasonable person would have known that the Defendant's conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the Defendant reserves the right to demonstrate that the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8107 and 8108.

5. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by immunity provided to the Defendant by the Maine Tort Claims Act.

6. The Plaintiff's recoverable damages for tort claims are capped by the provisions of the Maine Tort Claims Act.

7. The Defendant reserves the right to demonstrate that the Plaintiff's Complaint, in whole or in part, is barred by the applicable statutes of limitations.

8. To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendant in his representative capacity, the Complaint fails to state a claim upon which relief may be granted.

9. The Plaintiff's own conduct was the sole or a contributing cause of any injuries he may have sustained.

10. The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

11. The Plaintiff's claims are barred for the reason that the Defendant is not liable under a theory of *respondeat superior* for the actions of their agents.

12. The Plaintiff's claims are barred for the reason that the Defendant's actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

13. To the extent the allegations in the Complaint allege simple negligence, the Plaintiff's claims under 42 U.S.C. § 1983 are barred because the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

14. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

15. The Plaintiff's claims are barred, in whole or in part, by the doctrine of privilege.

16. The Defendant reserves the right to demonstrate that the Plaintiff's claims are barred by superseding or intervening causes.

17. To the extent that the Plaintiff seeks injunctive or declaratory relief, the Plaintiff has no standing.

18. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. §1983 in the Maine Constitution or the United States Constitution.

19. The Defendant reserves the right to demonstrate that the Plaintiff has failed to mitigate damages.

20.     To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendant cannot be held liable for the alleged damages associated with those alleged injuries.

21.     To the extent the Plaintiff's alleged injuries result from events or conditions that occurred after the Defendant's involvement with the Plaintiff, the Defendant cannot be held liable for the alleged damages associated with those alleged injuries.

22.     To the extent the Plaintiff seeks punitive damages against a governmental entity, the Plaintiff's claims should be dismissed for failure to state a cognizable cause of action.

23.     To the extent the Plaintiff asserts "claims" for punitive damages, the Plaintiff's claims should be dismissed for failure to state a cognizable cause of action.

24.     To the extent the Plaintiff asserts claims against the Westbrook Police Department, the claim should be dismissed because the Westbrook Police Department is not a legal entity capable of being sued.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendant requests a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendant Benjamin Hall demands judgment in his favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 29th day of May, 2020.

    Attorneys for Defendants City of Westbrook, Westbrook Police Department, Austin Clark, Garrett McCarthy, Rachel Horning, Michael Loranger, Benjamin Hall and Janine Roberts
MONAGHAN LEAHY, LLP
95 Exchange Street, P.O. Box 7046
Portland, ME 04112-7046
(207) 774-3906
jwall@monaghanleahy.com

BY:   /s/ John J. Wall, III
      John J. Wall, III

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2020, I electronically filed **Answer, Affirmative Defenses and Jury Trial Demand (Defendant Benjamin Hall)** using the CM/ECF system, which will provide notice to me and the following other counsel of record: alee@tmbf-law.com.

Dated at Portland, Maine this 29th day of May, 2020.

    Attorneys for Defendants City of Westbrook, Westbrook Police Department, Austin Clark, Garrett McCarthy, Rachel Horning, Michael Loranger, Benjamin Hall and Janine Roberts
MONAGHAN LEAHY, LLP
95 Exchange Street, P.O. Box 7046
Portland, ME 04112-7046
(207) 774-3906
jwall@monaghanleahy.com

BY:   /s/ John J. Wall, III
      John J. Wall, III